IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 25-cv-00154-NYW-KAS

MAURICE D. COOPER,

Plaintiff,

v.

ARAPAHOE COUNTY SHERIFF DEPARTMENT,
AURORA POLICE DEPARTMENT,
MICHAEL LEON,
ERIC MARTINEZ,
MARIO DURAN GINER,
JONATHAN CARDENAS,
THEODORE VELEZ,
ANDY TRAN,
CALEB CHRISTENSEN, and
CHADRICK ALLEN, JR,

Defendants.

---

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

---

**ENTERED BY MAGISTRATE JUDGE KATHRYN A. STARNELLA**

This matter is before the Court on Defendant Arapahoe County Sheriff's Office's ("County Sheriff's Office's") **Motion to Dismiss** [#80] ("the Motion"). Plaintiff filed a Response [#82] and the County Sheriff's Office filed a Reply [#83]. The Motion [#80] has been referred to the undersigned for a Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(b)(1), and D.C.COLO.LCivR 72.1(c)(3). *See Memorandum* [#81]. The Court has reviewed the briefs, the case file, and the applicable law. For the reasons set forth below, the Court **RECOMMENDS** that the Motion [#80] be **GRANTED**.

## I. Background

On December 24, 2024, Plaintiff Maurice Cooper, who proceeds in this matter as a pro se litigant,[1] was arrested inside of a gas station after he was involved in an accident. *Am. Compl.* [#78] at 7-8[2]. Plaintiff alleges that Aurora Police Department officers ("Aurora Police officers") "maliciously attacked and assaulted [him] with great force[.]" *Id.* at 7; *see also id*. at 8-10 (alleging that one particular Aurora Police officer "maliciously attempt[ed] to break [Plaintiff's] shoulder, right hand, and thumb, middle finger" and that other Aurora Police officers "tr[ied] to snap and break [Plaintiff's] back and shoulder"); *id*. at 11 (alleging that another Aurora Police officer "held or stomped on [his] head"). Plaintiff also alleges that he was subjected to a "warrantless blood draw and charged with DUI with no probable cause," but he does not allege who subjected him to the blood draw. *Id*. at 11. Though all Plaintiff's factual allegations are directed at individual Aurora police officers, he asserts that "Arapahoe County Sheriff Department . . . [is] not only liable for lack of training in the excessive force but also the proper procedure to issue a refusal" for a warrantless blood draw. *Id*. at 12. Without directing any factual allegations against the Arapahoe County Sheriff's Office or any County Sheriff's deputies, Plaintiff alleges that "the intrusive actions" by "Arapahoe County Sheriff Dept[] have caused severe injury" and financial loss to Plaintiff. *Id*. at 13. Additionally, without any supporting factual averments, Plaintiff alleges that the County Sheriff's Office engaged in "corrupt misuse of power[.]" *Id*. In this

---

[1] The Court must liberally construe the filings of a pro se litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-521 (1972). In doing so, the Court should neither be the pro se litigant's advocate nor "supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1175 (10th Cir. 1997) (citing *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)).

[2] Citations to the Amended Complaint's page numbers refer to the numbering stamped at the top of each page by the court docketing system.

42 U.S.C. § 1983 action, Plaintiff seeks monetary damages and injunctive relief against the County Sheriff's Office and other defendants. *Id*. at 15.

## II. Standard of Review

Rule 12(b)(6) permits dismissal of a claim where the plaintiff has "fail[ed] to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). A Rule 12(b)(6) motion "tests the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true." *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994). A plaintiff must allege facts that "state a claim to relief that is plausible on its face." *Santa Fe All. for Pub. Health & Safety v. City of Santa Fe*, 993 F.3d 802, 811 (10th Cir. 2021) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint is plausible when it asserts more than "a formulaic recitation of the elements of a cause of action" and "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003).

## III. Analysis

In its Motion [#80], the County Sheriff's Office argues that its dismissal is warranted because Plaintiff "does not include any allegations directed against any [County Sheriff's] employees, never identifies any policy or practice or custom of the [County Sheriff's Office] underlying the alleged use of excessive force, and fails to identify any other

incidents of similar use of excessive force or improper DUI arrests by [County Sheriff's] deputies." *Motion* [#80] at 2. The Court agrees.

"[A] local government cannot be sued under [42 U.S.C.] § 1983 for an injury inflicted solely by its employees or agents." *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694, 691 (1978). Instead, a municipality or local government "may be liable under this section if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation." *Connick v. Thompson*, 563 U.S. 51, 60 (2011) (citing *Monell*, 436 U.S. at 692). A plaintiff must show "(1) that a municipal employee committed a constitutional violation; and (2) that a municipal policy or custom was the moving force behind the constitutional deprivation." *Jiron v. City of Lakewood*, 392 F.3d 410, 419 (10th Cir. 2004) (citation omitted). This means that a plaintiff must demonstrate both a constitutional deprivation and the existence of a "municipal policy or custom." *Connick*, 563 U.S. at 60-61; *Waller v. City & County of Denver*, 932 F.3d 1277, 1283 (10th Cir. 2019) (same). To be clear, "[a] municipality may not be held liable where there was no underlying constitutional violation by any of its officers." *Johnson v. City of Cheyenne*, 99 F.4th 1206, 1233 (10th Cir. 2024).

Plaintiff's Amended Complaint [#78] contains no allegations that allow a reasonable inference that any County Sheriff's deputy was involved in (or even present at) Plaintiff's December 24, 2024 arrest or the related blood draw. Plaintiff's allegations exclusively focus on the purported conduct of Aurora Police officers. The Court cannot infer that the Aurora Police officers acted pursuant to the policy of the County Sheriff's Office, an unrelated entity. Such an inference defies logic. Even if such an inference did not defy logic, Plaintiff fails to allege facts that demonstrate a plausible link between a

County Sheriff's Office policy and his alleged injuries. To the extent Plaintiff attempts to insert new facts via his Response [#82], that he cannot do. *See Abdulina v. Eberl's Temp. Servs., Inc.*, 79 F. Supp. 3d 1201, 1206 (D. Colo. 2015) (noting that a plaintiff "cannot amend [his] complaint by adding factual allegations in response to [a d]efendant's motion to dismiss.").

## IV. Conclusion

For the foregoing reasons,

IT IS HEREBY **RECOMMENDED** that the Motion [#80] be **GRANTED** and that Plaintiff's claims be **dismissed without prejudice**[3] to the extent those claims are brought against Defendant Arapahoe County Sheriff's Office.

IT IS FURTHER **ORDERED** that any party may file objections **within 14 days** of service of this Recommendation. In relevant part, Federal Rule of Civil Procedure 72(b)(2) provides that, "within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996). The objection must be "sufficiently specific to focus the district court's attention on the factual and legal issues that are truly in dispute." *Id.* "[A] party who fails to make a timely objection to the magistrate judge's findings and

---

[3] *See Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007) ("Dismissal [with prejudice] of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend.").

recommendations waives appellate review of both factual and legal questions.” *Morales-Fernandez v. I.N.S.*, 418 F.3d 1116, 1119 (10th Cir. 2005).

Dated: July 26, 2026

BY THE COURT:



Kathryn A. Starnella
United States Magistrate Judge